# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jon Erickson,

    Petitioner,

v.

Charles L Ryan, et al.,

    Respondents.

No. CV-13-01102-TUC-RM

**ORDER**

On August 9, 2016, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation (Doc. 22) recommending that this Court deny Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1). On August 26, 2016, Petitioner filed an Objection (Doc. 24).[1] The Court has reviewed Judge Macdonald's Report and Recommendation, the parties' briefs, Petitioner's Objection, and the record.

**I.  Standard of Review**

A district judge must "make a *de novo* determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record

---

[1] Petitioner's Objection was due within 14 days of service of Judge Macdonald's Report and Recommendation. Petitioner's Objection is dated August 23, 2016. Attached as an Exhibit to the Objection is a copy of an Inmate Legal Mail Log indicating Petitioner received a copy of Judge Macdonald's Report and Recommendation on August 13, 2016. The Court finds that Petitioner's Objection is timely.

in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation). Accordingly, the Court will review *de novo* the portions of Judge Macdonald's Report and Recommendation to which Petitioner objected, and the Court will review for clear error the portions of the Report and Recommendation to which Petitioner did not object.

**II. Analysis**

In his Objection, Petitioner argues (A) that Judge Macdonald's factual findings are objectively unreasonable because Judge Macdonald relied on the state courts' view of the facts; (B) Petitioner's appellate attorney rendered ineffective assistance by failing to federalize on direct appeal the claim that there was insufficient evidence to sustain a conviction of first-degree murder; (C) post-conviction counsel rendered ineffective assistance in failing to allege claims of ineffective assistance of trial and appellate counsel; (D) trial counsel rendered ineffective assistance in failing to assert a double jeopardy violation and in failing to raise various other issues.

**A. Factual Findings**

In reviewing a habeas application filed by a person in custody pursuant to the judgment of a state court, the Court is required to presume that the state court's factual determinations are correct. 28 U.S.C. § 2254(e)(1). The habeas petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* In the present case, Petitioner has not met his burden of presenting clear and convincing evidence that the state court's factual findings are incorrect. Accordingly, it was appropriate for Judge Macdonald to rely upon the state court's factual findings.

**B. Ineffective Assistance of Appellate Counsel**

Petitioner's argument regarding ineffective assistance of appellate counsel relates

1   to Judge Macdonald's analysis of Ground One of Petitioner's § 2254 Petition.  Judge
2   Macdonald found that Ground One, asserting insufficient evidence to sustain a conviction
3   of first-degree murder, was procedurally defaulted because Petitioner relied only on state
4   law in presenting the claim to the state court.  (Doc. 22 at 22-23.)  In his opening brief on
5   direct appeal to the Arizona Court of Appeals, Petitioner argued that there was
6   insufficient evidence to sustain his conviction for first-degree murder, but he relied only
7   on state law in making the argument and he did not clearly indicate that he was asserting
8   a federal claim.  (Doc. 11-2, Exh. I at ¶¶ 42-49.)  Petitioner appears to concede that he did
9   not fairly present his insufficient evidence claim in state court as a federal claim.
10  However, Petitioner argues in his Objection that the procedural default of the claim
11  should be excused pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

12  Under *Martinez*, ineffective assistance of counsel at initial-review collateral
13  proceedings may establish cause to excuse a prisoner's procedural default of claims of
14  ineffective assistance of trial counsel.  *Id.* at 1318.  The Ninth Circuit has held that the
15  standard for "cause" articulated in *Martinez* extends to cases in which the underlying
16  alleged ineffective assistance is by appellate counsel rather than trial counsel.  *Nguyen v.*
17  *Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013).  To overcome a procedural default pursuant
18  to *Martinez*, a prisoner must show (1) that post-conviction relief counsel was ineffective
19  under the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984), (2) that
20  the underlying ineffective assistance of counsel claim is substantial, and (3) prejudice.
21  *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (citing *Martinez*, 132 S. Ct. at
22  1321).

23  Petitioner cannot rely on *Martinez* to excuse the procedural default of Ground One
24  of his Petition, because the rule announced in *Martinez* is limited to underlying Sixth
25  Amendment ineffective-assistance of counsel claims.  *See Pizzuto v. Ramirez*, 783 F.3d
26  1171, 1177 (9th Cir. 2015).  Ground One of Petitioner's § 2254 Petition does not raise a
27  Sixth Amendment ineffective assistance of counsel claim.  It raises a claim of insufficient
28  evidence to sustain a conviction.  Petitioner argues for the first time in his Objection that

- 3 -

1  the procedural default of the insufficient evidence claim should be excused pursuant to
2  *Martinez*, because effective appellate counsel would have federalized the claim in state
3  court and thus prevented the procedural default.  However, permitting any claims of error
4  "to be considered ineffective assistance of counsel claims because an effective attorney
5  would have prevented or remedied that purported error" would impermissibly expand
6  *Martinez* to include all potential errors.  *Id.*  *Martinez* cannot be used to excuse the
7  procedural default of Petitioner's insufficient evidence claim.

8  Even if Petitioner had raised a claim of ineffective assistance of appellate counsel
9  in his § 2254 Petition, such a claim is unexhausted and procedurally defaulted, and
10  Petitioner cannot establish cause to excuse the procedural default under *Martinez*.  Even
11  assuming that Petitioner's appellate counsel's performance was deficient, and that post-
12  conviction counsel rendered ineffective assistance in failing to raise an ineffective
13  assistance of appellate counsel claim, Petitioner cannot show prejudice.  *See Sexton*, 679
14  F.3d at 1159.  To prevail on an ineffective assistance of counsel claim, a prisoner must
15  show that his counsel rendered deficient performance and that the deficient performance
16  prejudiced the prisoner.  *Porter v. McCollum*, 558 U.S. 30, 38 (2009).  To establish
17  prejudice, the prisoner "must show that there is a reasonable probability that, but for
18  counsel's unprofessional errors, the result of the proceeding would have been different."
19  *Strickland*, 466 U.S. at 694.  In the present case, there is no reasonable probability that
20  the result of the proceedings would have been different if Petitioner's appellate counsel
21  had federalized his insufficiency of the evidence claim.  Even if the claim had clearly
22  been presented as a federal claim, the Arizona Court of Appeals would still reasonably
23  have found sufficient evidence to sustain a conviction of first-degree murder.[2]  Because

---

[2] To establish a federal constitutional claim of insufficiency of the evidence to support a state conviction, a prisoner must show that, viewing the evidence in the light most favorable to the prosecution, no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  This standard is similar to the state-law standard applied by the Court of Appeals.  (*See* Doc. 11-1, Exh. A at 3.)  Petitioner argues that he acted in self-defense when he killed the victim, and that there was no evidence to sustain a finding of premeditation.  As the Court of Appeals noted, the evidence presented at Petitioner's trial showed that the victim sustained multiple stab wounds, including defensive wounds and at least two wounds that would have caused a loss of consciousness.  (Doc. 11-1, Exh. A

Petitioner cannot show prejudice resulting from any deficient performance on the part of appellate counsel, Judge Macdonald correctly found that any underlying ineffective assistance of appellate counsel claim is not substantial. (*See* Doc. 22 at 24 n.10.)

### C.   Ineffective Assistance of Post-Conviction Relief Counsel

Petitioner objects to Judge Macdonald's analysis of Ground Three of the § 2254 Petition, which alleges ineffective assistance of post-conviction relief counsel. Judge Macdonald correctly rejected Ground Three, because there is no constitutional right to counsel in state post-conviction review proceedings, and accordingly ineffective assistance of post-conviction relief counsel is not a freestanding constitutional claim meriting habeas relief. *See Detrich v. Ryan*, 740 F.3d 1237, 1242 (9th Cir. 2013) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)). Judge Macdonald appropriately considered Petitioner's allegations of ineffective assistance of post-conviction relief counsel not as freestanding constitutional claims but rather in the context of whether Petitioner can show cause to excuse the procedural default of ineffective assistance of trial counsel claims pursuant to *Martinez*. (*See, e.g.*, Doc. 22 at 32-36.)

### D.   Double Jeopardy and Ineffective Assistance of Trial Counsel

Petitioner objects to Judge Macdonald's analysis of Ground Eight of his § 2254 Petition, which asserts that the state violated the Double Jeopardy clause by retrying him after his original conviction was vacated on account of an incomplete transcript of the original trial. Judge Macdonald correctly found that the procedural default of this claim cannot be excused under *Martinez* and that the claim is meritless.

As explained above, the rule announced in *Martinez* is limited to underlying Sixth Amendment ineffective-assistance of counsel claims. *Pizzuto*, 783 F.3d at 1177.

---

at 4-5.) Petitioner himself sustained no injuries during the incident and later made statements which could reasonably have been interpreted by the jury as showing premeditation. (*Id.* at 5.) In light of the nature of the victim's wounds, the time required for completion of the assault on the victim, Petitioner's lack of injuries, and Petitioner's statements, a rational trier of fact could have rejected Petitioner's self-defense story and instead concluded that Petitioner acted with premeditation.

Petitioner does not raise an ineffective-assistance of trial or appellate counsel claim in Ground Eight. Even if Petitioner had raised a claim in his § 2254 Petition that trial counsel rendered ineffective assistance by failing to assert a Double Jeopardy violation, such a claim is unexhausted and procedurally defaulted, and the procedural default cannot be excused under *Martinez* because the ineffective-assistance claim is not substantial. Petitioner's Double Jeopardy argument is meritless. "It has long been settled . . . that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to the conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988). Trial counsel did not render ineffective assistance by failing to raise a meritless issue, and post-conviction relief counsel did not render ineffective assistance in failing to raise an ineffective assistance of trial counsel claim on this ground.

In the final two pages of his Objection, Petitioner makes various allegations of ineffective assistance of trial counsel. (*See* Doc. 24 at 6-7.) These allegations were not raised as claims in Petitioner's § 2254 Petition, and they do not cast doubt on any aspect of Judge Macdonald's Report and Recommendation.

### E. Conclusion

The Court has conducted a *de novo* review of the portions of Judge Macdonald's Report and Recommendation to which Petitioner has objected. The Court agrees with the conclusions of the Report and Recommendation, and finds no merit in the arguments made in Petitioner's Objection (Doc. 24). The Court has reviewed the unobjected-to portions of Judge Macdonald's Report and Recommendation for clear error, and has found none.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 22) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that the Petition Under 28 U.S.C. § 2254 for a

1 Writ of Habeas Corpus (Doc. 1) is **denied**, and this case is **dismissed with prejudice**.
2 The Clerk of Court is directed to enter judgment accordingly and close this case.

3 **IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing
4 Section 2254 Cases, the Court declines to issue a certificate of appealability, because
5 reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*,
6 529 U.S. 473, 484 (2000).

7 Dated this 13th day of September, 2016.

_____
Honorable Rosemary Márquez
United States District Judge